# In the United States Court of Federal Claims

No. 04-100C
(Filed April 13, 2004)

* * * * * * * * * * * * * * * * * * * * * * * * *

**TEXAS GENECO, LP,**

**AEP TEXAS CENTRAL COMPANY,**

**CITY OF AUSTIN, TEXAS,**

**CITY OF SAN ANTONIO, TEXAS,**

**ACTING THROUGH THE PUBLIC,**

**SERVICE BOARD OF SAN ANTONIO**

Plaintiffs,

v.

**UNITED STATES OF AMERICA,**

Defendant

* * * * * * * * * * * * * * * * * * * * * * * * *

PRE-DISCOVERY CONFERENCE
NEW SNF CASES

Approximately 45 new "Spent Nuclear Fuel" ("SNF") cases recently have been filed in this court. (A list is attached.) Like the 21 cases previously filed, the new SNF cases have been brought by nuclear utilities seeking to recover damages (on-site

storage costs) allegedly caused by the Department of Energy's ("DOE's") failure to comply with a January 31, 1998 contract deadline to begin disposing of (or accepting) their nuclear waste.

In lieu of an answer, defendant has filed a "Motion to Stay all Proceedings or, in the Alternative, for Coordinated Discovery Regarding the Rate and Schedule Issues" in almost half of the new cases (marked by asterisks on the attached list).

The court will host a pre-discovery conference on April 30, 2004 with Judge Diane Sypolt as presiding judge to explore the issue of a stay and the extent of discovery needed in the new SNF cases.

Judge Sypolt will not decide the issue of coordinated discovery, but will only report the parties' views to the presiding judges in the SNF cases, for their determination of what, if any, common procedures should be employed.

In preparing for this conference, the new SNF plaintiffs are directed to submit, on or before April 23, 2004, jointly or singly, and in whatever format they may select, a report or reports specifying their discovery plans and objectives, including, but not limited to: (1) the nature and scope of discovery each anticipates needing to respond to the Government's standard dispositive motion on the rate of acceptance; (2) any circumstance that may affect the timing of discovery or trial; (3) if known, whether discovery, including depositions, previously provided in the old cases on the same issues, would suffice in the new SNF case (if the Government consented to its full use in the new case); and (4) additional responses to the issues raised in defendant's motion to stay or coordinate discovery.

Also on or before April 23, 2004, defendant shall submit a report presenting its views on the same matters, including, but not limited to, information regarding: (1) how defendant proposes, either with or without a coordination order, to provide access to and use of the material produced in the old SNF cases to the new SNF case plaintiffs; (2) any conditions it would impose on the use of such materials in the new cases; (3) the nature, extent, and schedule of any discovery the Government anticipates requesting from any SNF plaintiff, old or new, before the trials are concluded in the lead cases; and (4) its comments on the plaintiffs' responses to its motion for a stay or coordination.

Because no discovery, or discovery of different issues or scope may be involved in a new SNF case, or for any other reason, a new SNF plaintiff may opt not

to submit a report, or to attend the conference.

Plaintiffs shall designate from among plaintiffs' counsel no more than three to be seated at counsel's table and serve as lead counsel during the conference. It should be understood, however, that the court, in its discretion, may permit or request other attendees to address whatever issues may be raised.

The pre-discovery conference will be held on Friday, April 30, 2004, at 2:00 p.m., E.D.T., in Courtroom 4 of the United States Court of Federal Claims, Howard T. Markey National Courts Building, 717 Madison Place N.W., Washington, D.C. 20005. Questions regarding scheduling matters shall be directed to Judge Sypolt's judicial assistant, Ms. Laurice Ghougasian, at (202) 219-9655.

Any plaintiff's counsel who prefers to participate by conference call may arrange to do so by calling Ms. Ghougasian no later than three days before the day of the conference. Note that technical limitations may preclude accommodation of all requests.

/S/ Victor J. Wolski

**VICTOR J. WOLSKI**
Judge

<u>New SNF Cases</u>, in order of filing

Gen. Atomics v. United States, No. 03-2505;
Sys. Fuels, Inc. v. United States, No. 03-2621;
Entergy Nuclear Indian Point 2, LLP v. United States, No. 03-2622;
Sys. Fuels, Inc. v. United States, No. 03-2623;
Sys. Fuels, Inc. v. United States, No. 03-2624;
Entergy Gulf States, Inc. v. United States, No. 03-2625;
Entergy Nuclear Generation Co. v. United States, No. 03-2626;
Entergy Nuclear Fitzpatrick, LLC v. United States, No. 03-2627;
Entergy Nuclear Vermont Yankee, LLC v. United States, No. 03-2663;
Arizona Pub. Serv Co. v. United States, No. 03-2832;
*Portland Gen. Elec. Co. v. United States, No. 04-009;
*Energy Northwest v. United States, No. 04-010;
Consol. Edison Co. of New York, Inc. v. United States, No. 04-033;
Delmarva Power and Light Co. v. United States, No. 04-034;
Canal Elec. Co. v. United States, No. 04-035;
Atlantic City Elec. Co. v. United States, No. 04-036;
Carolina Power & Light Co. v. United States, No. 04-037;
*Interstate Power and Light Co. v. United States, No. 04-067;
*Constellation Gen. Group, LLC. v. United States, No. 04-068;
*Cleveland Elec. Illuminating Co. v. United States, No. 04-069;
*PPL Susquehanna, LLC v. United States, No. 04-070;
*Wisconsin Pub. Serv. Corp. v. United States, No. 04-071;
*Pac. Gas & Elec. Co. v. United States, No. 04-074;
*Pac. Gas & Elec. Co. v. United States, No. 04-075;
*Dominion Res., Inc. v. United States, No. 04-083;
*Dominion Res., Inc. v. United States, No. 04-084;
*FPL Energy Seabrook, LLC v. United States, No. 04-088;
*BWX Tech., Inc. v. United States, No. 04-096;
*Union Elec. Co. v. United States, No. 04-097;
*TXU Generation Co. v. v. United States, No. 04-098;

*Cases in which the Government has filed a motion to stay all proceedings or, in the alternative, for coordinated discovery regarding rate and schedule issues.

New SNF Cases (Cont'd)

*Kansas Gas and Elec. Co, v. United States, No. 04-099;
*Texas Genco, LP v. United States, No. 04-100;
*S. Carolina Elec. & Gas Co. v. United States, No. 04-101;
Exelon Generation Co. v. United States, No. 04-102;
Exelon Generation Co. v. United States, No. 04-103;
Exelon Generation Co. v. United States, No. 04-104;
*Dairyland Power Coop. v. United States, No. 04-106;
Gen. Elec. Co. v. United States, No. 04-107;
Gen. Elec. Co. v. United States, No. 04-108;
*S. California Edison Co. v. United States, No. 04-109;
Rochester Gas and Elec. Corp. v. United States, No. 04-118;
Niagara Mohawk Power Corp. v. United States, No. 04-124;
Niagara Mohawk Power Corp. v. United States, No. 04-125;
United Illuminating Co. v. United States, No. 04-129;
*Illinois Power Co. v. United States, No. 04-133.

*Cases in which the Government has filed a motion to stay all proceedings or, in the alternative, for coordinated discovery regarding rate and schedule issues.