**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| TEXAS GENCO, LP<br><br>AEP TEXAS CENTRAL COMPANY<br><br>CITY OF AUSTIN, TEXAS<br><br>CITY OF SAN ANTONIO, TEXAS, ACTING THROUGH THE PUBLIC SERVICE BOARD OF SAN ANTONIO<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 04-0100C<br>(Judge Wolski) |

STP PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER
FOR PRE-DISCOVERY CONFERENCE IN NEW SPENT FUEL CASES

Pursuant to RCFC 7, Texas Genco, LP ("TG"), successor in interest to Houston Lighting & Power Company; AEP Texas Central Company ("AEP"), successor in interest to Central Power and Light Company; City of Austin, Texas ("Austin"); and City of San Antonio, Texas, acting through the City Public Service Board of San Antonio ("San Antonio") (hereinafter, collectively "STP Plaintiffs") respectfully moves the Court to reconsider its Order for Pre-Discovery Conference in this case ("Conference Order"). By the time this Order issued, the parties in this case had already agreed to at least a limited stay in lieu of any discovery. Moreover, the Conference Order is contrary to the Court's Rules, and the empirical evidence provided by the Court's prior experience with coordinated discovery in spent fuel cases shows that such discovery is inefficient and adds delay and

expense to the resolution of these cases. STP Plaintiffs are mindful that the Conference Order permits it to opt not to submit a report or to attend the conference otherwise provided for in the Conference Order. *See* Conference Order at 2. Nevertheless, STP Plaintiffs have substantial concerns with the procedural path of dividing discovery into multiple parts, common discovery, emphasis on dispositive motions, and other common treatment suggested by the Conference Order and is filing this motion to raise those concerns with the Court.

First, neither party in this case currently seeks coordinated discovery. In its motion to stay, the government makes clear that its preferred course is an indefinite stay pending resolution of other spent fuel cases. STP Plaintiffs have agreed to a stay, though not for an indefinite period. Thus, the parties agree that there is a significant potential that decisions in some of the earlier-filed spent fuel cases may provide substantial guidance to the parties and Court in this case so as to enable resolution of this case in less time and at less expense to the parties and the Court. The Court should allow the parties the opportunity to obtain the guidance from other cases that both parties believe may be forthcoming. More generally and importantly, the parties in this case are in the best position (with assistance from the Judge assigned to this case, if necessary) to determine what procedures will be most efficient for resolution of this case. And the Court generally should adopt procedures suggested by both parties, rather than trying to develop and impose procedures not requested by either party.

Second, the procedures called for by the Conference Order are contrary to the applicable law and the Court's Rules. The law is clear that the judicial power of this Court "shall be exercised by a single judge," 28 U.S.C. § 174(a), and that the Court's proceedings

"shall be in accordance with" its Rules." 28 U.S.C. § 2503(b). There is no provision in the Court's Rules for either assignment of tasks affecting this case to a judge other than the one assigned to the case or for the pre-discovery conference provided by for in the Conference Order.[1] This Court will not be well-served by having another judge of the Court serve as a filter for the parties' positions on the merits of stays or needed discovery. Nor should the parties be denied a full opportunity to present their views to this Court on any proposal for coordinated discovery – or other procedural impositions – that may be devised by another judge of the Court.

Instead, the Court's Rules provide well-considered and time-tested provisions for considering what discovery is necessary in a case that are inconsistent with a pre-discovery conference at this time. Those provisions include the requirements for an answer, an early meeting of counsel, a Joint Preliminary Status Report and RCFC 26(a)(1) disclosures. Only when those procedures have been completed will it be appropriate for the Court to consider the extent of discovery needed in this case. Thus, the provisions in the Conference Order calling for consideration of discovery plans and objectives are premature.

Third, the Court's prior experience with coordinated discovery in the spent fuel cases counsels against any further use of such procedures. Although the parties to the earlier-filed spent fuel cases initially agreed to coordinated discovery on "schedule issues," that process went off course and ultimately failed to provide for complete discovery on any issue while

---

[1] Although there is a provision for appointment of a special master, the law is clear that such appointments must be by order of the Chief Judge, 28 U.S.C. § 798(c), and the Chief Judge has not issued such an order in this case. Instead, the Chief Judge has recognized the appropriateness of having individual cases proceed to trial, as he denied the government's various motions to consolidate the spent fuel cases (even as to "schedule issues"). *See, e.g.,* Order of January 30, 2004 in *Yankee Atomic v. U.S.*, No. 98-126C.

causing enormous expenditures of time and expense for all concerned. Although the assigned Discovery Judge granted a Joint Motion for an Order for Consolidated Discovery, *see* Order of September 26, 2001, exhibit 1, that Order also directed the government to file a report as to whether it would file dispositive motions in these cases. Indeed, at the parties' initial discovery status conference, the Discovery Judge strongly urged the government to file such motions, yet it was clear that the government previously had no plans to do so. *See* Tr. of Sept. 20, 2001 Hrg. at 50-51; *see generally id.* at 34-49, exhibit 2. After the government started filing such motions, the Discovery Judge stayed the coordinated discovery.[2] *See* Order of November 16, 2001, exhibit 3. The Discovery Judge then reversed course and lifted this stay after two months of inactivity. *See* Order of January 3, 2002, exhibit 4. Shortly thereafter, the Court departed from the parties' agreed procedures for coordinated discovery and sharply limited the scope of the discovery to only that "essential to justify plaintiff's opposition to the dispositive motions." *See* Order of February 1, 2002 at 2, exhibit 6. Moreover, the Discovery Judge permitted the government to defer its depositions even on schedule issues, thus further limiting the utility of that coordinated discovery process. *See* exhibit 6 at 3; Order of February 20, 2002, exhibit 7. Ultimately, the Discovery Judge deferred almost all issues regarding discovery by the government for the individual judges after resolution of the government motions for summary judgment. *See* Order of April 2, 2003 at 3-4, exhibit 8. Notwithstanding the fact that this coordinated

[2] The Court also adopted an awkward and questionable procedure whereby the individual judges assigned to the cases would resolve dispositive motions but the Discovery Judge would resolve requests for additional discovery pursuant to RCFC 56(g). *See* exhibit 3; Order of November 1, 2001 at 4, exhibit 5.

discovery did not result in the *completion* of any portion of discovery in any case, the effort consumed more than a year and hundreds of thousands of dollars in counsel fees.

Fourth, like the Court's prior experience with coordinated discovery, the current Conference Order inappropriately accords excessive credence to and encouragement of government dispositive motions, particularly what is now termed a "standard dispositive motion on the rate of acceptance." *See* Conference Order at 2. This motion has no merit, and the Court has decisively rejected it. In the two and a half years since the government started filing these motions, no judge of this Court has granted it, and three different judges, in six different cases, have denied it.[3] Thus, while the government may seek to preserve the issues presented in this motion for consideration on appeal, it is ill-advised to fashion procedures in this Court for additional spent fuel cases based upon this motion.

Finally, the Conference Order appears based on a faulty premise that the spent fuel cases are all very similar and would benefit from similar procedures. That is not true. Proceedings to date in individual cases demonstrate that damages claims are being presented differently and ultimately are case-specific. Thus, although resolution of some of the earlier-filed spent fuel cases may provide some guidance to aid resolution of this case, it is at best highly questionable, particularly in light of concerns raised in this motion, whether the cases are sufficiently similar to warrant any special, common procedures.

[3] *Indiana Michigan v. U.S.*, 57 Fed. Cl. 88 (2003); *Commonwealth Edison Co. v. U.S.*, 56 Fed. Cl. 652 (2003); Order of January 26, 2003 in *Yankee Atomic v. U.S.,* No. 98-126C; *Connecticut Yankee v. U.S.*, No. 98-154C; *Maine Yankee v. U.S.*, No. 98-474C; Order of April 7, 2004 in *Southern Nuclear Operating Co. v. U.S.*, No. 98-614C.

For the foregoing reasons, the Court should reconsider and vacate the Conference Order.

Respectfully submitted,

s/ Jerry Stouck

Dated: April 19, 2004

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, D.C. 20005
(202) 898-5800 (Telephone)
(202) 682-1639 (Facsimile)
Counsel for Plaintiff
TEXAS GENCO, LP; AEP TEXAS CENTRAL COMPANY; CITY OF AUSTIN, TEXAS; AND CITY OF SAN ANTONIO, TEXAS, ACTING THROUGH THE PUBLIC SERVICE BOARD OF SAN ANTONIO

Of Counsel:
Robert L. Shapiro
Peter J. Skalaban
SPRIGGS & HOLLINGSWORTH