# In the United States Court of Federal Claims

No. 04-100C
(Filed April 21, 2004)

* * * * * * * * * * * * * * * * * * * * * * * * *

**TEXAS GENCO, LP,**

**AEP TEXAS CENTRAL COMPANY,**

**CITY OF AUSTIN, TEXAS,**

**CITY OF SAN ANTONIO, TEXAS, ACTING THROUGH THE PUBLIC SERVICE BOARD OF SAN ANTONIO,**

Plaintiffs,

v.

**THE UNITED STATES,**

Defendant

* * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

The Court has reviewed the "STP Plaintiffs' Motion for Reconsideration of Order for Pre-Discovery Conference in New Spent Fuel Cases" ("Motion"), filed April 19, 2004. This motion is somewhat unusual, as there is nothing to be reconsidered. As the plaintiffs concede, Motion at 2, the conference that they have

been invited to is optional. While the notice of this conference may have been designated as an "Order" for purposes of the Court's CM/ECF system, the document itself was not styled an "Order," nor does it contain any of the accouterments of an order, such as a closing stating "It is So Ordered" or the like. Nobody was ordered to do anything. All that this document provided was notice of a conference.

The notice also indicated that the judge presiding at the conference "will not decide" any issues, but would merely be reporting back to the other judges. Neither the parties nor this Court will be bound by anything that results from this conference. Nor would any special case management procedure, such as coordinated discovery or the use of evidence obtained in other cases, be adopted in this case without the parties' input. As the plaintiffs agree with the defendant that matters can be stayed in this case at least through the year, there is no potential prejudice from a delay pending the convening of this conference.

The parties may have noticed that the Court has not yet ruled on the motion for a stay, even as far as it is consented to by plaintiffs. Indeed, the Court is ordinarily inclined against any procedure that delays resolution of the cases before it (including, incidentally, the consideration of unnecessary motions such as the instant one for "reconsideration"). Even though the plaintiffs have agreed that a stay through the end of the year would be warranted, see Motion at 3, the Court is far from convinced that there is any sense to such an action. The Court is not bound by the outcomes of the three cases identified by defendant as providing grounds for a stay, nor does it appear that the defendant will feel itself bound, see "Defendant's Motion to Stay All Proceedings or, In the Alternative, for Coordinated Discovery Regarding Rate and Schedule Issues" at 10 ("Because we respectfully disagree with the Court's conclusions . . . we cannot stipulate to apply the rationale of the Court's existing decisions to the remaining SNF cases pending in this Court."); *id.* at 12 (stating a stay "*may*, in all likelihood, offer a resolution") (emphasis added). A delay of proceedings in this Court requires a stronger ground than the theoretical possibility that the decision of another judge of this Court would provide "guidance."

Plaintiffs' motion for reconsideration of the Court's issuance of a non-binding notice of the pre-discovery conference is hereby **DENIED.**

**IT IS SO ORDERED.**

/S/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge