# In the United States Court of Federal Claims

No. 04-100C
(Filed May 5, 2004)

* * * * * * * * * * * * * * * * * * * * * * * * *

**TEXAS GENCO, LP,**

**AEP TEXAS CENTRAL COMPANY,**

**CITY OF AUSTIN, TEXAS,**

**CITY OF SAN ANTONIO, TEXAS, ACTING THROUGH THE PUBLIC SERVICE BOARD OF SAN ANTONIO,**

Plaintiffs,

v.

**THE UNITED STATES,**

Defendant

* * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

The Court has reviewed the Defendant's Motion to Stay All Proceedings or, In the Alternative, for Coordinated Discovery Regarding Rate and Schedule Issues, the plaintiffs' response and motion for "reconsideration" regarding the pre-discovery conference, and the defendant's report filed for the pre-discovery

conference. The Court recognizes that the parties are in agreement insofar as a stay through the end of this year is concerned. While the Court has the inherent power to manage the cases before it, which includes the power to stay proceedings, the Court is not convinced that a stay will achieve any efficiencies in this litigation.

The Court cannot comprehend how "guidance" from the rendering of decisions in other spent nuclear fuel cases would enhance the efficient resolution of this case, given the strong prospect that the losing side would file an appeal. Thus, at the end of this year the only difference in the posture of this case would be that an additional seven months have slipped by. The parties may revisit this matter during the preliminary scheduling conference. The motion for a stay is hereby **DENIED**. Defendant shall file its response to the complaint within thirty days of the date of this order.

The request in the alternative for coordinated discovery is also **DENIED**. Plaintiffs have a right to conduct discovery, and have the same incentives as defendant to do this as efficiently as possible. Plaintiffs oppose this request, and at this juncture of the proceedings that is sufficient grounds to deny it. The possibility of streamlining discovery, by among other things the stipulated use of discovery from other cases, can also be explored at the preliminary scheduling conference. The topic is, at this time, premature.

**IT IS SO ORDERED.**

/S/ Victor J. Wolski

**VICTOR J. WOLSKI**
Judge