IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TEXAS GENCO, LP, et al., Plaintiffs, | ) | |
| v. | ) | No. 04-0100C (Judge Wolski) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiffs' complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. The allegation contained in paragraph 2 is a conclusion of law to which no response is required; to the extent that it may be deemed an allegation of fact, it is denied.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. Denies the allegations contained in the first sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second and third sentences of paragraph 5.

6. Admits the allegations contained in the first two sentences of paragraph 6. Denies the allegation contained in the

third sentence of paragraph 6 due to the vagueness of the term "removed fuel."

7. The allegations contained in paragraph 7 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits.

14. Denies.

15. The allegations contained in paragraph 15 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. Admits the allegations contained in paragraph 16 that the Department of Energy has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that it anticipates it will not be able to begin SNF disposal until 2010 (see 60 Fed. Reg. 21793, 21794 (May 3, 1005)); the remaining allegations contained in paragraph 16 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits.

19. The allegations contained in paragraph 19 constitute conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

20. The allegations contained in paragraph 20 constitute conclusions of law and plaintiffs' characterization of this

action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. Admits the allegations contained in paragraph 23 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits.

25. The allegations contained in paragraph 25 constitute conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

27. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 26, or to any relief whatsoever.

28. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Kevin B. Crawford
KEVIN B. CRAWFORD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Phone: (202) 305-9640
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

May 28, 2004

## CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 28th of May, 2004, a copy of this "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Kevin B. Crawford