IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically Filed on December 2, 2005

| | | |
|---|---|---|
| TEXAS GENCO, LP, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04-100C |
| UNITED STATES, | ) | (Judge Victor J. Wolski) |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

The Court has directed the parties to submit a joint status report following the Federal Circuit decision in *Indiana Michigan Power Co. v. United States,* Nos. 04-5122 & -5139 (Fed. Cir.). That case has now been decided, 422 F.3d 1369, and the parties submit the following joint status report:

This is one of approximately 59 cases pending before the Court of Federal Claims arising under contracts (sometimes called the "Standard Contract") between the Department of Energy ("DOE") and the nuclear utilities for the acceptance and disposal of spent nuclear fuel and high-level radioactive waste ("SNF"). Since this case was filed in January 2004, both parties have requested that it be stayed pending developments in other spent fuel cases that were filed much earlier and that are far more procedurally advanced than this case. Both parties have requested such a stay because they believe that developments in those other cases will make litigation of this case more efficient for the parties and the Court.

Both parties respectfully request that the Court extend the stay of proceedings in this case for an additional year, until December 1, 2006.[1] As set forth below, there is good reason to believe that developments during this period will provide guidance that will assist in resolving the issues in this case. Indeed, other Judges of the Court have recently granted stays similar the one requested here. *See TXU Corp. v. United States*, No. 04-98C, Order of Nov. 23, 2005); *Kansas Gas & Elec. Co. v. United States*, No. 04-99C, Order of Nov. 28, 2005.

*Indiana Michigan* held that pre-breach damages are recoverable but that future damages were not available to Indiana Michigan because its claim (like the claims in other spent fuel cases, including this one) was for a "partial" breach of contract. 422 F.3d, at 1375 - 77. But the *Indiana Michigan* decision provides little general guidance on other damages issues. And the decision provides no guidance at all on a very important issue involved in most if not all these spent fuel cases, namely, the required contractual "rate" of spent fuel acceptance and the "schedule" on which the Department of Energy ("DOE") was required to accept spent fuel from utilities.

Those schedule issues, however, were extensively tried (along with other damages issues) in three separate trials that have been conducted over the past year and a half in other spent fuel cases. One of those trials involved three consolidated cases brought by the "Yankee" utilities – Yankee Atomic Electric Co., Connecticut Yankee Atomic Power Co. and Maine Yankee Atomic Power Co. (Case Nos. 98-126, 98-154, 98-474 before Senior Judge Merow) – another trial was in the case brought by the Tennessee Valley Authority ("TVA") (Case No. 01-249 before Judge Lettow) and the third trial was in the case of Sacramento Municipal Utility District ("SMUD") (Case No. 98-488 before Judge Braden). The Yankee trial was completed in 2004, and the

---

[1] Although the parties both request this stay, they both also reserves their rights to request that the stay be lifted, either in whole or in part, prior to December 1, 2006, if circumstances in this case or other spent nuclear fuel cases warrant it.

*SMUD* and *TVA* trials were completed in the Spring and Summer, respectively, of 2005. It is therefore reasonable to expect decisions in all three cases sometime in the coming months.[2] Further, given the extensive treatment of the important "schedule" issues at each of the three trials, it is also reasonable to expect one or more of those decisions – and perhaps all three – to address those issues in a fulsome way.

Resolution of the damages claims of plaintiffs in this action (collectively, "STP") will require the parties and the Court to address many of the same "schedule" issues as are pending decision in the *Yankee*, *TVA* and *SMUD* cases. Moreover, as shown by the experience in those cases, litigating the schedule issues is, or at least can be, time-consuming and costly. For these reasons, both parties submit that before they are required to embark on discovery and litigation of the same "schedule" issues in this case, they should await decisions in the *Yankee*, *TVA* and *SMUD* cases. Those decisions appear likely to facilitate the "just, speedy and inexpensive resolution" of the claims of STP here. *See* RCFC 1. In granting the stay in *TXU*, Judge Williams accepted these arguments as "good cause" justifying the stay.

Even after this Court issues its decisions in those three cases, it is possible the parties here will believe it is beneficial to await an appellate ruling in one or more of those cases. But that is a determination better made after this Court's decisions are issued – a course that also avoids the imposition now of a long-term stay that may ultimately not be necessary or advisable.

For these reasons, the parties jointly request that the stay of proceedings in this case be extended until December 1, 2006, at which time the parties will again jointly report to the Court on how they wish to proceed.

---

[2] In the *Yankee* cases Judge Merow has asked for supplemental, post-trial briefing on the impact of *Indiana Michigan*, but those briefs are currently scheduled to be filed before the end of this year (with argument scheduled for January 10, 2006).

Plaintiffs' Additional Statement

STP wants to make clear why a further stay of proceedings is particularly appropriate given the circumstances of its spent fuel case against the government.[3] Although STP is facing many tens of millions of dollars in dry storage and other spent fuel storage and management expenses in the future, it has thus far only suffered a relatively small amount of out of pocket damages. Resolution of the "schedule" issues in the *SMUD, TVA* and *Yankee* cases may make it possible to settle STP's claim for its limited damages to date. Given its procedural posture, STP's case cannot possibly "catch up" with these other cases, and it would, therefore, be unfair to make STP expend substantial resources to litigate issues in its case that will likely be substantially influenced by developments in other spent fuel cases.

Furthermore, given the relatively small amount of its damages to date, STP's far larger interest is in preserving its claims for its future damages and its alternative restitution claim. Regarding future damages, the Court will have occasion in the *SMUD, TVA* and *Yankee* cases to determine how best to structure the claims to address multiple tranches of damages as contemplated by the Federal Circuit's decision in *Indiana Michigan*. As there is a paucity of clearly applicable precedent for this procedure, it would be more efficient in this case to await the benefit of the guidance from those decisions.

In addition, STP's alternative restitution claim has potentially far-reaching implications. A claim for restitution generally requires a claim for total breach of contract. *See, e.g., Hansen Bancorp. v. United States*, 357 F.3d 1297, 1309 (Fed. Cir. 2004). And such claims generally relieve the parties of further performance obligations under their contract. *See, e.g., Cities Service Helix, Inc. v. Untied States*, 543 F.2d 1306, 1313 (Ct. Cl. 1976). As recognized by the

[3] Although defendant does not necessarily agree with STP's characterization of its damages claims or its ability to recover restitution damages in this case, defendant reserves its right to address these issues at a later date.

Federal Circuit in *Indiana Michigan*, provisions in the Nuclear Waste Policy Act of 1982 could present regulatory difficulties for a utility that no longer has a spent fuel contract in force. *See* 422 F.3d at 1374. Therefore, STP would not want to have to press that claim prematurely. Conversely, given DOE's extended and continuing failure to begin spent fuel removal services, it is important for STP to preserve its restitution claim if it ultimately becomes untenable to continue to hope for DOE to begin performance within any reasonable time frame.

For these reasons, a continued stay is particularly appropriate in this case.

Dated: December 2, 2005

Respectfully submitted,

s/ JERRY STOUCK
JERRY STOUCK
GREENBERG TRAURIG, LLP
800 Connecticut Ave., NW
Ste. 500
Washington, DC 20006
(202) 331-3173
(202) 331-3101 (fax)
Counsel for Plaintiffs

Attorney for Plaintiffs

Of Counsel:
Robert L. Shapiro
GREENBERG TRAURIG, LLP

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

s/ KEVIN B. CRAWFORD
KEVIN B. CRAWFORD
Trial Attorney
Civil Division
Commercial Litigation
U.S. Department of Justice
1100 L Street, NW, 8th Floor
Washington, DC 20005
(202) 305-9640
(202) 307-2503 (fax)

Attorneys for Defendant