IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically Filed on December 1, 2006

| | | |
|---|---|---|
| TEXAS GENCO, LP, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04-100C |
| UNITED STATES, | ) | (Judge Victor J. Wolski) |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's Order of December 9, 2005, the parties submit this joint status report and request that the stay of proceedings in this case be continued until decisions in other cases discussed below are rendered by the Federal Circuit (or until the time for appeal expires). As set forth in the parties' previous joint status report filed December 2, 2005, and as reflected in the Court's resulting Order (the December 9, 2005 Order), the Court previously continued the stay of proceedings in this case for essentially the same reasons set forth in this report.

This is one of approximately 58 cases pending before the Court of Federal Claims arising under contracts (sometimes called the "Standard Contract") between the Department of Energy ("DOE") and the nuclear utilities for the acceptance and disposal of spent nuclear fuel and high-level radioactive waste ("SNF"). Since this case was filed in January 2004, both parties have requested that it be stayed pending developments in other spent fuel cases that were filed much earlier and that are far more procedurally advanced than this case. Both parties have requested such a stay because they believe that developments in those other cases will make litigation of this case more efficient for the parties and the Court. As set forth below, there continues to be good reason to believe that forthcoming developments in those other cases will provide guidance

that will assist in resolving the issues in this case. Indeed, other Judges of the Court have recently granted stays similar the one requested here. *See TXU Corp. v. United States*, No. 04-98C, Order of Oct. 2, 2006; *Kansas Gas & Elec. Co. v. United States*, No. 04-99C, Order of Oct. 2, 2006.

Although the parties both request this stay, they both also reserve their rights to request that the stay be lifted, either in whole or in part, if circumstances in this case or other spent nuclear fuel cases warrant it. In addition, the parties will file a joint status report on or about December 1, 2007, to advise the Court of the status of developments in the spent nuclear fuel cases generally.

One important issue involved in most if not all these spent fuel cases is the required contractual "rate" of spent fuel acceptance and the "schedule" on which the Department of Energy ("DOE") was required to accept spent fuel from utilities. Those schedule issues have been extensively tried (along with other damages issues) in a number of separate trials that have been conducted over the past year and a half in other spent fuel cases. Two decisions were recently issued following such trials – one involving three consolidated cases brought by the "Yankee" utilities – (Case Nos. 98-126, 98-154, 98-474 before Senior Judge Merow), *see Yankee Atomic Elec. Co. v. United States,* 2006 WL 2848615 (Fed. Cl. Oct. 4, 2006) ("*Yankee*"), and the other in a case brought by Pacific Gas and Electric Co. (Case Nos. 04-74 & -75 before Judge Hewitt), *see Pac. Gas and Elec. Co. v. United States,* 2006 WL 2925649 (Fed. Cl. Oct. 13, 2006) ("*PG&E*"). In addition, damages trials have been completed and final decisions are pending in two other spent fuel cases, one pending before involving Southern Nuclear Operating Company, et al. (Case No. 98-614C before Senior Judge Merow) and one involving the Sacramento Municipal Utility District ("SMUD") (Case No. 98-488 before Judge Braden).

The decisions in both *Yankee* and *PG&E* address the "schedule" issues noted above in very different ways. Although the time for appeal in those cases has not yet run, it is reasonable to expect that appeals will be taken in one or both cases. Moreover, decisions from this Court are expected in the near future in the SMUD and Southern cases.

Resolution of the damages claims of plaintiffs in this action (collectively, "STP") will require the parties and the Court to address many of the same "schedule" issues as are addressed in the *Yankee* and *PG&E* decisions. Moreover, as shown by the experience in those cases, litigating the schedule issues is, or at least can be, time-consuming and costly. For these reasons, and because the treatment of the "schedule" issues by this Court in *Yankee* and *PG&E* differ in very significant ways, both parties submit that before they are required to embark on discovery and litigation of the same "schedule" issues in this case, they should await decisions from the Federal Circuit in the *Yankee* and *PG&E* cases (or, if an appeal is not taken in one or both cases, at least wait for the expiration of the time for appeal in those cases). Those decisions appear likely to facilitate the "just, speedy and inexpensive resolution" of the claims of STP here. *See* RCFC 1.

For these reasons, the parties jointly request that the stay of proceedings in this case be extended until Federal Circuit decisions are rendered in the Yankee and PG&E cases, or until the time for appeal in those cases expires, at which time the parties will again jointly report to the Court on how they wish to proceed. In all events, the parties also will file another joint status report on December 1, 2007.

Plaintiffs' Additional Statement

As STP did in the parties' last joint status report filed December 2, 2005, STP again wants to make clear why a further stay of proceedings is particularly appropriate given the circumstances of its spent fuel case against the government.[1] Although STP is facing many tens of millions of dollars in dry storage and other spent fuel storage and management expenses in the future, it has thus far only suffered a relatively small amount of out of pocket damages. Federal Circuit guidance on the "schedule" issues in the *Yankee* and *PG&E* cases may make it possible to settle STP's claim for its limited damages to date. Given its procedural posture, STP's case cannot possibly "catch up" with these other cases, and it would, therefore, be unfair to make STP expend substantial resources to litigate issues in its case that will likely be substantially influenced by developments in other spent fuel cases.

Furthermore, given the relatively small amount of its damages to date, STP's far larger interest is in preserving its claims for its future damages and its alternative restitution claim. Regarding future damages, the Federal Circuit may have occasion in the *Yankee* and *PG&E* cases to address how best to proceed with successive claims for multiple tranches of damages as contemplated by the Federal Circuit's decision in *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005). It would also be more efficient in this case to await the benefit of Federal Circuit guidance on that issue.

In addition, STP's alternative restitution claim has potentially far-reaching implications. A claim for restitution generally requires a claim for total breach of contract. *See, e.g., Hansen Bancorp. v. United States*, 357 F.3d 1297, 1309 (Fed. Cir. 2004). And such claims generally

[1] Although defendant does not necessarily agree with STP's characterization of its damages claims or its ability to recover restitution damages in this case, defendant reserves its right to address these issues later.

relieve the parties of further performance obligations under their contract. *See, e.g., Cities Service Helix, Inc. v. Untied States*, 543 F.2d 1306, 1313 (Ct. Cl. 1976). As recognized by the Federal Circuit in *Indiana Michigan*, provisions in the Nuclear Waste Policy Act of 1982 could present regulatory difficulties for a utility that no longer has a spent fuel contract in force. *See* 422 F.3d at 1374. Therefore, STP would not want to have to press that claim prematurely. Conversely, given DOE's extended and continuing failure to begin spent fuel removal services, it is important for STP to preserve its restitution claim if it ultimately becomes untenable to continue to hope for DOE to begin performance within any reasonable time frame.

For these reasons, a continued stay is particularly appropriate in this case.

Dated: December 1, 2006

s/ JERRY STOUCK
JERRY STOUCK
GREENBERG TRAURIG, LLP
800 Connecticut Ave., NW
Ste. 500
Washington, DC 20006
(202) 331-3173
(202) 331-3101 (fax)
Counsel for Plaintiffs

Attorney for Plaintiffs

Of Counsel:
Robert L. Shapiro
GREENBERG TRAURIG, LLP

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

s/ KEVIN B. CRAWFORD
KEVIN B. CRAWFORD
Trial Attorney
Civil Division
Commercial Litigation
U.S. Department of Justice
1100 L Street, NW
8TH Floor
Washington, DC 20005
(202) 305-9640
(202) 307-2503 (fax)

Attorneys for Defendant