IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Electronically Filed on December 4, 2007

| | | |
|---|---|---|
| TEXAS GENCO, LP, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 04-100C |
| UNITED STATES, | ) | (Judge Victor J. Wolski) |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's Order of December 4, 2006, the parties submit this joint status report and request that the stay of proceedings in this case be continued through September 2, 2008. As set forth in the parties' previous joint status report filed December 2, 2005, and as reflected in the Court's resulting Order (the December 4, 2006 Order), the Court previously continued the stay of proceedings in this case for essentially the same reasons set forth in this report.

As the Court is aware, this is one of approximately 58 cases pending before the Court of Federal Claims arising under contracts (sometimes called the "Standard Contract") between the Department of Energy ("DOE") and the nuclear utilities for the acceptance and disposal of spent nuclear fuel and high-level radioactive waste. Since this case was filed in January 2004, both parties have requested that it be stayed pending developments in other spent fuel cases that were filed much earlier and that are far more procedurally advanced than this case. Both parties have requested such a stay because they believe that developments in those other cases will make litigation of this case substantially more efficient for the parties and the Court.

The Court previously and appropriately has extended the stay of proceedings in anticipation of guidance on the "schedule" on which DOE was required to accept spent fuel from utilities. The parties are aware that the Federal Circuit has decided to hold oral argument in the *Yankee* and *PG&E* appeals at the same time before the same panel, and the Federal Circuit has recently decided that the *SMUD* appeal should also be heard by that panel. *Yankee Atomic Elec. Co. v. United States,* Nos. 2007-5025, 2007-5031; *Connecticut Yankee Atomic Power Co. v. United States,* Nos. 2007-5027, 2007-5033; *Maine Yankee Atomic Power Co. v. United States,* Nos. 2007-5026, 2007-5032; *Pacific Gas and Elec. Co. v. United States,* No. 2007-5046; *Sacramento Municipal Utility District v. United States*, Nos. 2007-5052, -5097. Briefing in these appeals is complete. Accordingly, the Federal Circuit is likely to hear oral argument early next year and issue decisions later in 2008. Those decisions are likely to provide guidance on the schedule issues.[1]

As the parties have noted previously, a continued stay pending additional guidance on the schedule issues is particularly appropriate in this case. Plaintiff's damages claim to date is relatively small compared to some of the other spent fuel plaintiffs who have been required to incur larger costs to add to their spent fuel storage capacity due to the government's delay in performance. Moreover, due to the relatively large size of its comparatively newer spent fuel storage pool, plaintiff will likely not have to incur large amounts of additional damages to increase its spent fuel storage capacity for a number of years. Indeed, plaintiff only filed this action when it did because it was required to do so by the applicable statute of limitations. Nevertheless, resolution of plaintiff's damages claim would require the parties and the Court to

[1] In addition to the *PG&E*, *Yankee* and *SMUD* appeals, another appeal in a spent nuclear fuel case that may resolve issues arising in this case is also currently pending before the United States Court of Appeals for the Federal Circuit: *Nebraska Public Power District v. United States*, No. 2007-5083, in which the Court heard oral argument December 3, 2007.

address many of the same “schedule” issues as are pending decision in the other spent fuel cases pending before the Federal Circuit. Moreover, as shown by the experience in those cases, litigating the schedule issues is, or at least can be, time-consuming and costly. Furthermore, the litigation of these issues has frequently involved testimony from exactly the same witnesses for both the government and the plaintiff utility in each case. Thus, the parties and the Court should not be required to engage in the costly and repetitive effort to litigate the schedule issues at this time to adjudicate plaintiff’s relatively small current claim for damages.[2]

[2] In addition, plaintiffs note that the grounds set forth in its separate statement in the parties’ Joint Status Report filed December 1, 2006 remain applicable. Although defendant does not necessarily agree with the grounds set forth in plaintiffs’ separate statement in the parties’ December 1, 2006 Joint Status Report, defendant reserves its right to address these issues later.

For these reasons, the parties jointly request that the stay of proceedings in this case be extended through September 2, 2008 and that the parties then jointly report to the Court as to how the parties wish to proceed. By that time, it is likely that the Federal Circuit will have issued decisions on the appeals noted above; thus, the parties will be in a better position to inform the Court of how they wish to proceed.

Dated: December 4, 2007

Respectfully submitted,

s/ JERRY STOUCK
JERRY STOUCK
GREENBERG TRAURIG, LLP
800 Connecticut Ave., NW
Ste. 500
Washington, DC 20006
(202) 331-3173
(202) 331-3101 (fax)
Counsel for Plaintiffs

Attorney for Plaintiffs

Of Counsel:
Robert L. Shapiro
GREENBERG TRAURIG, LLP

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

s/ Patrick B. Bryan by s/ Jerry Stouck
JOSEPH E. ASHMAN
Trial Attorney
Civil Division
Commercial Litigation
U.S. Department of Justice
1100 L Street, NW
8TH Floor
Washington, DC 20005
(202) 616-8299
(202) 307-2503 (fax)

Attorneys for Defendant

WDC 371534570v1 11/30/2007